UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | |
|---|---|
| IN RE: | CASE NO.: 1-22-42947-jmm |
| Deborah Williams, | CHAPTER: 13 |
| Debtor. | HON. JUDGE: Jil Mazer-Marino |
| | HEARING DATE: February 14, 2023, at 10:00 a.m. |

-------------------------------------------------------------------X

## MOTION FOR IN REM RELIEF FROM AUTOMATIC STAY

Katherine Heidbrink, an attorney at law duly admitted to practice before the Courts of the State of New York and the U.S. District for the Eastern District of New York, hereby affirms the following to be true under penalty of perjury:

SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of the Chalet Series IV Trust (together with any successor or assign, hereinafter "Creditor" or "Movant"), hereby moves this Court for an Order: (i) granting in rem relief with respect to certain real property having an address of 139-29 182nd Street, Springfield Gardens, NY 11413 (the "Property") for a period of at least two years pursuant to 11 U.S.C. § 362(d)(4); (ii) vacating the automatic stay pursuant to 11 U.S.C. § 362(d)(1); (iii) granting waiver of the 14 day stay invoked pursuant to F.R.B.P. 4001(a)(3); and (iv) for such other and further relief as is just and proper. In support of the Motion, Movant respectfully submits that:

## FACTUAL HISTORY

1. Movant is a secured creditor pursuant to a Note executed by Deborah Williams (the "Debtor") on October 31, 2008, whereby the Debtor promised to repay $341,600.00 plus interest to HSBC Mortgage Corporation (USA) (the "Original Lender"). To secure the repayment of the Note, Debtor executed a Mortgage in favor of Mortgage Electronic Registration Systems, Inc (MERS) as nominee for the Original Lender (the "Mortgage," Note and Mortgage, collectively, the "Loan"), encumbering the real property located at 139-29 182nd Street, Springfield Gardens, NY 11413 (the "Property"), which was recorded on November 13, 2008, in the Office of the City Register in CRFN: 2008000440549. The Loan was ultimately assigned to Movant by an Assignment of Mortgage dated August 28, 2019. Copies of the Note, Mortgage, and Assignments of Mortgage are annexed hereto as **Exhibit A.**

2. As the Debtor became delinquent under the terms of the Loan, prior to any of the bankruptcy cases, a foreclosure action was commenced in the Supreme Court of the State of New York, County of Kings under Index Number 705429/2014. Subsequently, a Judgment of Foreclosure and Sale (the "JFS") was entered on April 10, 2019. A copy of the entered JFS is annexed hereto as **Exhibit B.**

3. For clarification purposes, your Affirmant respectfully takes this opportunity to advise this Court that the JFS reflects MTGLQ Investors, L.P. as foreclosure Plaintiff. The Loan was transferred to Movant post commencement of the foreclosure action; however, NY CPLR Section 1018 allows the Plaintiff to remain unchanged "…upon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action." Therefore, the action properly remained in the name of MTGLQ Investors, L.P., Movant's predecessor-in-interest

4. After entry of the JFS, a foreclosure sale concerning the Loan was scheduled for June 21, 2019. However, on June 20, 2019, one day before the scheduled foreclosure sale, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code under case 1-19-43842-nhl, effectively staying the foreclosure action (the "First Case").

5. During the administration of the First Case, the Debtor became delinquent with her ongoing mortgage payments, and Movant filed a Motion for Relief from Stay. An Order granting the sought relief was entered by the court on December 26, 2019, as Docket No. 19. The case was later closed on January 10, 2020. A copy of the Order granting relief is attached here as **Exhibit C.**

6. Upon dismissal of the first case, and after the Covid -19 Moratorium on foreclosure actions were lifted, a new sale was scheduled for April 15, 2022. However, on the same day that the sale was scheduled, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code under case 1-22-40785-jmm (the "Second Case").

7. The Second Case was automatically dismissed on June 22, 2022. Upon dismissal, the foreclosure action continued, and a sale was scheduled for December 2, 2022. However, on November 29, 2022, the Debtor filed another voluntary petition for relief under Chapter 13 of the Bankruptcy Code under the third and instant case 1-22-42947-jmm.

8. The PACER Docket Reports for each case filing are attached hereto as **Exhibit D.**

9. Copies of the Notices of Sale are attached here to as **Exhibit E.**

### CREDITOR IS ENTITLED TO IN REM
### RELIEF PURSUANT TO 11 U.S.C. § 362(d)(4)

10. Pursuant to 11 U.S.C. § 362(d)(4), courts are empowered to grant in rem relief from a stay affecting a creditor's property, such that any and all future filings by any party with a claimed

interest in the property will not operate as an automatic stay for a period of two years. *See, e.g., In re Wilke*, 429 B.R. 916, 922 (Bankr. N.D. Ill. 2010); *In re Blair*, 2009 WL 5203738, *4 (Bankr. E.D.N.Y. 2009); *In re Montalvo*, 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009).

11. Because the stay attaches to the property, rather than to the filing parties, "in rem relief is a particularly effective method to combat tag-team serial filers who seek to prevent foreclosures." *In re Selinsky*, 365 B.R. 260, 264 (Bankr. S.D.Fla. 2007); *see In re Roeben*, 294 B.R. 840, 846 (Bankr. E.D.Ark. 2003); *In re Graham*, 1998 WL 473051, *2 (Bankr. E.D.Penn. 1998).

12. To obtain in rem relief, a creditor must provide evidence that: (i) a debtor or a group of debtors has made prior bankruptcy filings as part of a scheme; (ii) the object of which was to delay, hinder, or defraud creditors; and (iii) which involves either the transfer of some interest in the real property without the secured creditor's consent or court approval or multiple bankruptcy filings affecting the property. *See In re First Yorkshire Holdings, Inc.*, 470 B.R. 864, 870-71 (7th Cir. BAP 2012). Further, it is well-settled that the mere timing and filing of multiple prior bankruptcy cases by related debtors permits the inference of a scheme to hinder, delay, and defraud a creditor. *See, e.g., Blair*, 2009 WL 5203738 at *4, *citing Montalvo*, 416 B.R. at 387.

13. Analyzing a similar set of circumstances, the Court in *Blair* (*id*. at *4-5) granted in rem relief and found that:

> *Here, Debtors have neither filed nor confirmed a chapter 13 plan. None of their chapter 13 cases were prosecuted to any meaningful extent. The timing and sequence of the filings is also significant. Each was filed on the eve of or shortly before significant events affecting the Property. The uncontroverted record of the filings and lack of any good faith prosecution of each of Debtors' prior cases allows this Court to draw a permissible inference and find that the instant petitions were part of a scheme of Debtor to hinder, delay, and defraud [creditor] BAC.*
>
> *Therefore, this Court will enter an Order such that any future bankruptcy filings by either of the Debtors, or any other person having an interest in the Property, will*

> *not operate as a stay of any action against the Property for a period of two years after the date of the entry of the orders hereon.*

14. There has not made a meaningful attempt to prosecute any of the prior bankruptcy cases. The frequent and last-minute filings demonstrate a clear pattern of delay designed to frustrate resolution of the underlying foreclosure.

15. Accordingly, due to the two prior bankruptcies for the facially evident purpose of foreclosure delay, and due to the unprosecuted current case, Movant is irrefutably entitled to in rem relief from any further bankruptcy filings with respect to the Mortgaged Premises for a period of at least two years pursuant to 11 U.S.C. § 362(d)(4)(B).

## CREDITOR IS ENTITLED TO
## RELIEF PURSUANT TO 11 U.S.C. § 362(d)(1)

16. The account remains contractually due for the October 1, 2013 payment, and post-petition due for December 1, 2022. A copy of the EDNY worksheet (the "Affidavit") is attached as **Exhibit F**.

17. Pursuant to 11 U.S.C. § 362(d)(1), the court shall enter an order granting a secured creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

18. Specifically, courts have found cause for the granting of relief from an automatic stay where the debtor has failed to make post-petition mortgage payments as they become due. *In Re Taylor*, 151 B.R. 646, 648 (Bankr. E.D.N.Y. 1993).

19. Relief pursuant to 11 U.S.C. § 362(d)(1) is also appropriate, for cause, because the Debtor has failed to propose a feasible plan that would cure the contractual arrears dating back to October 1, 2013, with total contractual arrears of approximately $570,436.49 as of November 29, 2022.

## CREDITOR IS ENTITLED TO A WAIVER OF THE
## STAY PROVISION OF FED. R. BANKR. PRO. 4001(a)(3)

22. Fed. R. Bank. Pro. 4001(a)(3) provides that "any order granting movant relief from an automatic stay . . . is stayed until the expiration of 14 days after the entry of the order unless the court orders otherwise."

23. In light of the history of filings and the negative impact on Creditor's lawful right to sell the Mortgaged Premises pursuant to the Final Judgment (*see* Exhibit B), no legitimate purpose could be served by staying the requested relief any longer. The debtor clearly has no intention of participating in the bankruptcy process and therefore should not reap its benefits. Therefore, Creditor is entitled to a waiver of the stay provision of Fed. R. Bankr. Pro. 4001(a)(3).

**WHEREFORE**, it is respectfully submitted that this Court should grant Creditor's Motion for Relief in all respects, along with such other and further relief as is deemed to be just, proper, and equitable.

Dated: Garden City, NY
January 5, 2023

By: /s/ Katherine Heidbrink
Katherine Heidbrink, Esq.
FRIEDMAN VARTOLO, LLP
Attorneys for Movant
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100
F: (212) 471-5150